**JUDGE BUCHWALD**

BLANK ROME, LLP
Attorneys for Plaintiff
LOMBARDO MARINE LTD.
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000



07 CIV 9934

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LOMBARDO MARINE LTD.,

        Plaintiff,

-against-

W.J. GRAIN LTD.,

        Defendant.

---

07 Civ.

**VERIFIED COMPLAINT**

Plaintiff, LOMBARDO MARINE LTD. ("Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named Defendant, W.J. GRAIN LTD. ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a Malta corporation with its principal place of business outside the United States.

3. At all material times, Defendant was and is a Hungarian corporation or other business entity organized under the laws of a foreign nation and with no place of business in the United States.

4.     By a charter party dated on or about January 22, 2002 ("the Charter"), Plaintiff chartered the M/V HIONA ("the Vessel") to Defendant.

5.     Pursuant to the Charter, the Vessel carried a cargo of grain in bulk from Nikolaev, Ukraine to Oran, Algeria.

6.     At the discharge port the cargo receivers commenced suit against Plaintiff claiming damages in connection with alleged cargo shortage at outturn from the Vessel. To avoid the arrest of the vessel in respect of this claim, Plaintiff was required to post security in the cargo interests' favor in the amount of $109,200.

7.     All such shortages as alleged in the previous paragraph resulted from Charterer's breach of the Charter, as a consequence of which breach Plaintiff was materially injured.

8.     Plaintiff demanded that Defendant provide it with counter-security in respect of this cargo shortage claim; however, Defendant has to date failed to provide any security in respect of this claim.

9.     The Charter provided for arbitration of disputes in London. Plaintiff has commenced arbitration against Defendant in London in respect of its claim herein and hereby reserves its right to arbitrate the disputes, pursuant to 9 U.S.C. § 8.

10.    Maritime Arbitrators in London award interest, legal fees and arbitral costs to a successful party. Plaintiff estimates recoverable interest, arbitral costs and legal expenses will be awarded in its favor in excess of $40,000.

11.    The total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **$150,000**.

12.  Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits or other property in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.  That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of the Defendant up to the amount of **$150,000** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       November 9, 2007

>                   Respectfully submitted,
>                   BLANK ROME, LLP
>                   Attorneys for Plaintiff
>                   LOMBARDO MARINE LTD.
>
>                   By_____/s/ THBJr/_____
>                       Thomas H. Belknap, Jr. (TB-3188)
>                   405 Lexington Ave.
>                   New York, NY 10174-0208
>                   (212) 885-5000

## VERIFICATION

STATE OF NEW YORK          )
                           : ss.:
COUNTY OF NEW YORK         )

Thomas H. Belknap, Jr., being duly sworn, deposes and says:

1.  I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2.  I have read the foregoing Complaint and I believe the contents thereof are true.

3.  The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4.  The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Thomas H. Belknap, Jr.

Sworn to before me this
9th day of November 2007

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

BLANK ROME, LLP
Attorneys for Plaintiff
LOMBARDO MARINE LTD.
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOMBARDO MARINE LTD., <br><br> Plaintiff, <br><br> -against- <br><br> W.J. GRAIN LTD., <br><br> Defendant. | 07 Civ. <br><br> **AFFIDAVIT UNDER** <br> **SUPPLEMENTAL RULE B** |

STATE OF NEW YORK     )
                      )  ss:
COUNTY OF NEW YORK    )

    THOMAS H. BELKNAP, JR., being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, W.J. Grain Ltd. ("Defendant"), a foreign corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

900200.00001/6589820v.1

2.     Defendant W.J. GRAIN LTD. is a party to a maritime contract of charter party and is a Hungarian or other foreign corporation with no offices or place of business within this judicial district.

3.     Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4.     In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
THOMAS H. BELKNAP, JR.

Sworn to before me this
9th day of November, 2007

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov. 30, 2009

311808.1
900200.00001/6589820v.1

2